IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND


CATHERINE D. RANDOLPH          *
                    Petitioner,
          v.                              *   CIVIL ACTION NO. JFM-10-3346

CLIFTON T. PERKINS HOSPITAL CENTER *
                    Respondent.
                                            ***


MEMORANDUM

The above-captioned letter and attachment, construed as a petition for writ of habeas corpus, were received for filing on November 18, 2010, from Catherine Randolph ("Randolph"), a patient at the Clifton T. Perkins State Hospital Center ("Perkins"). Randolph claims that she does not meet the criteria for confinement at Perkins as she does not meet the definition of incompetent. She alleges that she was never found "NCR" and is being held hostage as a victim of identity theft. Petitioner asserts that she should not have any pending criminal cases filed against her. For reasons to follow the petition shall be dismissed.

The aforementioned allegations were previously raised, reviewed and ruled upon by the court. In *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 (D. Md.), Randolph filed a petition for habeas corpus relief which challenged her criminal case process, competency hearings, and continued detention at Perkins. After full briefing, the court dismissed the petition without prejudice. The following facts were established. On January 17, 2006, Randolph was charged in the Circuit Court for Baltimore City with armed robbery, robbery, kidnapping a minor, assault, theft, and handgun violations. On March 17, 2008, Judge Gale E. Rasin ordered a pre-trial competency evaluation. Randolph was admitted to Perkins for a competency evaluation on June 2, 2008. She refused, however, to respond to questions regarding her hospitalization or legal charges, instead claiming, as she does here, that she was falsely accused and did not commit any criminal acts

(identify theft). On July 24, 2008, the Perkins Clinical Director and Director of Pre-Trial Services wrote Judge Rasin that Randolph was incompetent to stand trial, a danger to herself and others due to a mental disorder, and in need of continuing inpatient treatment. On July 25, 2008, the Circuit Court for Baltimore City found Randolph incompetent to stand trial and dangerous because of her mental disorder. She was committed to the Department of Health and Mental Hygiene ("DHMH").[1]

To the extent Randolph seeks federal habeas corpus relief, she must exhaust each and every claim presented to the federal court by first pursuing remedies available in the state court. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-90 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider the claim. *See O'Sullivan v. Boerckel*, 526 U. S. 838, 845-47 (1999). It affords the state courts the first opportunity to review federal constitutional challenges and preserves their role in protecting federally guaranteed rights.

There is no record that Randolph has exhausted her state court remedies by judicially challenging the competency hearing findings which resulted in her commitment to the DHMH. Therefore, any "habeas" challenge to her continued detention is premature. A separate Order follows dismissing this case without prejudice.

Date: ___December 7, 2010___                    _____/s/_____
                                                J. Frederick Motz
                                                United States District Judge

---

[1]     The record in *Randolph v. Clifton T. Perkins Hospital*, Civil Action No. JFM-09-951 (D. Md.), also showed that on January 22, 2009, the Perkins Clinical Director and Director of Pre-Trial Services forwarded a semi-annual report to the Circuit Court as required under Maryland law. The report found that Randolph remained incompetent to stand trial and dangerous because of her mental disorder. She remains committed to the DHMH. Her annual hearing required by Md. Code Ann., Crim. Proc. § 3-106(c)(l)(i) last occurred in July of 2009, and she was again found incompetent to stand trial. *See ttp://casesearch.courts.state.md.us/inquiry/inquiryDetail.* Subsequent hearings before Judge Rasin have been continued. *Id.*